IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

CARL DAVIS,
ADC #80431                                                                    PLAINTIFF

v.                                     2:06CV00149SWW/HLJ

LARRY NORRIS, et al.                                                         DEFENDANTS

**PROPOSED FINDINGS & RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff, an inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C.

§ 1983, and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

In his complaint, plaintiff states that in September, 2005, he was charged with two disciplinary

violations and was placed in punitive isolation, pending his disciplinary hearing.  Plaintiff then states

that he received  numerous notices of extensions of his hearing – until it was finally conducted thirty-

seven days later – in October, 2005.  Plaintiff was found guilty of the charges, received a reduction in

class and was sentenced to thirty days punitive isolation.  On appeal, plaintiff's conviction was reversed

by defendant Gibson on January 26, 2006.  In addition to complaining that the disciplinary process and

hearing violated his due process rights, plaintiff also complains that as a result of the disciplinary

conviction he was reassigned to a more restricted housing area, in administrative segregation, where he

has limited access to books, a telephone, television news, and the law library.  Plaintiff asks for damages

2

against the defendants for his suffering of emotional stress, psychological pain, and mental anguish.

## II.  Analysis

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.    The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim.  The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989).  In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Plaintiff appears to allege two claims in his complaint: 1) his due process rights were violated by the improper disciplinary charge, hearing and conviction, which resulted in having to spend time in punitive isolation; and 2) as a result of his conviction, and despite the reversal of his conviction, his classification has been changed improperly and his housing is more restrictive.

A.  Disciplinary Process

Plaintiff alleges that defendants violated his due process rights in numerous respects during the course of the charge, extensions, and disciplinary hearing, and asks for damages to compensate him for the time he spent in punitive isolation.  Plaintiff alleges that during that time he suffered emotional stress and mental anguish.   However, the courts have held that when a disciplinary sanction is reversed upon administrative review, such reversal cures any earlier due process violations which may have occurred.

Wycoff v. Nichols, 94 F.3d 1187 (8th Cir. 1996).  See also Prince v. Thompson, 104 F.3d 364, 1996 WL 690140 (8th Cir. 1996).  Therefore, any due process violations which might have occurred by virtue of any alleged unlawful extensions, failure to comply with unit and administrative policy, and improper documents presented at the hearing, were cured by the reversal of plaintiff's disciplinary conviction in January, 2006.

Furthermore, this Court finds that plaintiff's claim for damages by virtue of the time spent in administrative segregation is precluded by Sandin v. Conner, 115 S.Ct. 2293 (1995).  In that case, the court held that an inmate does not possess a protected liberty interest in remaining in the general population of the prison absent a showing of discipline in segregated confinement which was an atypical, significant deprivation.  The plaintiff in Sandin was sentenced to a stay in disciplinary segregation for a period of thirty days, which the court held "was not a major disruption in his environment."  Wycoff, supra, 94 F.3d at 1190.  Similarly, the plaintiff in Wycoff, supra, served forty-five days prior to dismissal of the disciplinary charges against him.   Therefore, to the extent that plaintiff was required to serve punitive time of thirty-sixty days for a conviction which was later reversed, the Court finds no constitutional violation.

B.  Administrative Segregation

Plaintiff also claims that his due process rights were violated after his conviction was reversed, because his overall prison classification was not changed, and he is now housed in an area which is more restrictive than the area in which he resided  prior to his charge. However, plaintiff  "has no liberty interest in assignment to a particular prison, to a particular prison job, or in freedom from segregation.  In general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification within that institution."  Rienholtz v. Campbell, 64

F.Supp.2d 721,727 (W.D.TN 1999), citing Olim v. Wakinekona, 451 U.S. 238 (1983).   In addition, to the extent that plaintiff complains about the more restrictive conditions in which he is now housed, such is also analyzed pursuant to the "atypical and significant" standard as set forth in Sandin, supra. In Freitas v. Ault, 109 F.3d 1335 (8th Cir. 1997), the Court held that an inmate's transfer to a higher-security facility, which resulted in more restrictive living conditions involving telephone privileges, visitation rights, property rights, and movement in and out of the cell, was not atypical and significant. The Court stated, "We believe that as a matter of law these conditions do not constitute an 'atypical and significant' hardship,....when compared to the burdens of ordinary prison life.   Although [the prison] was a higher-security institution and presented a more restrictive environment...there is no liberty interest in assignment to any particular prison." Id at 1337.   In addition, in Portley-el v. Brill, 288 F.3d 1063,1065 (8th Cir. 2002), the Court reiterated that "administrative and disciplinary segregation are not atypical and significant hardships under Sandin."

C. No Physical Injury

Finally, the Court notes that plaintiff asks for monetary relief only, for emotional stress, psychological pain, and mental anguish.   However, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e) requires that an inmate may not file a federal civil rights action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."    In this particular case, plaintiff alleges no physical injury as a result of the disciplinary conviction, or his more restrictive housing status.   Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED with prejudice for failure to state a claim and that this dismissal is considered a "strike" within the meaning of the PLRA, 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 1st day of September, 2006.

_Henry L. Jones, Jr._
United States Magistrate Judge